# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO MARQUEZ** | : | |
| 2409 N. 5th Street | : | |
| Philadelphia, PA 19133 | : | |
|     Plaintiff | : | NO.  14-CV-1284 |
| | : | |
|   v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| C/O CITY LAW DEPARTMENT | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and, | : | |
| | : | |
| **OFFICER ERIC BURKE** | : | |
| C/O CITY LAW DEPARTMENT | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and, | : | |
| | : | |
| **OFFICER PHILIP A. SCRATCHARD** | : | |
| C/O CITY LAW DEPARTMENT | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and, | : | |
| | : | |
| **SERGEANT HENNESEY** | : | |
| C/O CITY LAW DEPARTMENT | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
|  and, | : | |
| | : | |
| **BRUCE HERDMAN, CHIEF** | : | |
| **MEDICAL OPERATIONS** | : | |
| **PHILADELPHIA PRISON SYSTEMS** | : | |
| C/O CITY LAW DEPARTMENT | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| and, | : | |
| | : | |
| **JOHN DOES 2-4, CORRECTIONS** | : | |
| **EMPLOYEES** | : | |
| C/O CITY LAW DEPARTMENT | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |

| | |
|---|---|
| and, | : |
| | : |
| **CORIZON HEALTH, INC., T/A** | : |
| **PRISON HEALTH SERVICES, INC.** | : |
| 7901 State Road | : |
| Philadelphia, PA 19136 | : |
| and, | : |
| | : |
| **JOHN DOES 5 - 7, MEDICAL** | : |
| **PERSONNEL** | : |
| 7901 State Road | : |
| Philadelphia, PA 19136 | : |
|    **Defendants** | : |
| | : |

<b>FIRST AMENDED COMPLAINT</b>

  1. This is a civil action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution and the laws of the United States and the Commonwealth of Pennsylvania; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to harm Plaintiff; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

  2. The Court has jurisdiction of this action under 42 U.S. C. § 1983, 1988 and 28 U.S.C. §§ 1331, 1343 and 1367.

  3. Plaintiff, Antonio Marquez, is a citizen and resident of Philadelphia, Pennsylvania and the United States of America.

  4. Defendant, City of Philadelphia, is a municipality and agent of the Commonwealth of Pennsylvania. Defendant City Of Philadelphia manages and oversees the Philadelphia Police Department and Philadelphia Prison System.

5. Defendant, Eric Burke, is a Philadelphia Police Officer.

6. Defendant, Philip A. Scratchard, is a Philadelphia Police Officer.

7. Defendant, Sergeant Hennesey, is a Philadelphia Police Officer with the rank of Sergeant.

8. Defendant, Bruce Herdman, is the Chief of Medical Operations of the Philadelphia Prison System.

9. Defendants, John Does 2 - 4, are employed by the Philadelphia Prison System as corrections officers and/or social workers.

10. Defendant, Corizon Health, Inc., t/a Prison Health Services, Inc., is a corporation contracted by the City of Philadelphia to provide medical services to inmates housed in the Philadelphia Prison System

11. Defendants, John Does 5 - 7, are employed by Defendant, Prison Health Services, Inc., as nurses, doctors and/or medical providers.

12. Plaintiff sues each and all Defendants in their individual and official capacities.

13. At all times material to this Complaint, Defendants, Burke, Scratchard, Hennesey, Herdman and John Does, acted under color of law and under the color of the statutes, customs, ordinances and usage of the State of Pennsylvania, City of Philadelphia, Philadelphia Police Department and the Philadelphia Prison System.

14. At all times relevant, Defendants acted jointly and in concert with each other.  Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

15. At all times relevant, Defendant police officers and police John Does, were employed in their duties as police officers for the City of Philadelphia.

16. At all times relevant hereto, Defendant City of Philadelphia was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of the Defendant City.

17. On February 29, 2012, Plaintiff, Antonio Marquez, was involved in an auto accident where he was side-swiped at the intersection of Front and York Streets in the City of Philadelphia at or around 12:15 p.m.

18. After the impact, at the scene of the accident, the driver of the other car, Raymond Reyes, began to scream and yell at Plaintiff.

19. The Police were contacted and arrived at the scene of the accident. A supervising officer, Defendant Hennesey arrived at the scene with Defendants, Burke and Scratchard.

20. Even though Plaintiff had not done anything wrong, the Defendant Hennesey instructed Defendant, Burke and Scratchard, to arrest Plaintiff.

21. There was no probable cause to arrest Plaintiff.

22. At the time of the accident, Plaintiff suffered from several disabilities, including lumbar spine injury, which had required a lumbar fusion, high blood pressure and diabetes.

23. Plaintiff's spinal injuries caused Plaintiff to walk slightly unbalanced with a limp. Plaintiff's disability requires him to use a cane.

24. In addition, Plaintiff had suffered three separate strokes between 2002 and 2007. As a result of the strokes, Plaintiff suffers from Bells Palsey and, intermittently, has slurred speech.

25. At the scene of the accident, Defendant Burke noticed that Plaintiff walked

unbalanced. Plaintiff informed Defendant Burke of his spinal injury and of the fact that he walked with a cane. Plaintiff also informed Defendant Burke of the fact that he had a stroke which caused him to have slurred speech.

26. Plaintiff's cane was in the car.

27. Nonetheless, Defendants, Burke and John Doe 1, arrested Plaintiff for Driving Under the Influence of alcohol.

28. Plaintiff has not drank alcohol since 1997.

29. Defendants, Hennesey, Burke and Scratchard, knew that Plaintiff had not drank alcohol and knew that he did not have any alcohol on his breath at the scene of the accident.

30. Defendants, Hennesey, Burke and Scratchard, knew that there was no probable cause to arrest Plaintiff at the scene of the accident. Despite this fact, they arrested him anyway.

31. Defendants, Hennesey, Burke and Scratchard, falsely arrested Plaintiff and falsely accused him of driving under the influence of alcohol.

32. Defendants ordered a paddy wagon to the scene. While waiting for the paddy wagon, Plaintiff informed Defendant Burke that he took multiple medications for his disabilities.

33. Plaintiff was taken to the Round House at 8th and Race Streets and detained for approximately six hours. While there, Plaintiff requested to make a phone call and again informed Defendant Burke, a nurse and other police personnel of his disabilities and that he took multiple medications.

34. Defendants denied Plaintiff's request to make a phone call and did nothing to assist him to obtain his medications.

35. Specifically, while at 8th and Race, and during the transport, Plaintiff informed

Defendant Burke and other police personnel that he suffered from diabetes, high blood pressure and that he had recovered from three strokes in 2002, 2005 and 2007. He also indicated that he took medication to treat surgery to his spine, a lumbar fusion at levels L4 and L5 that took place in 2007.

36. At the time Plaintiff was falsely arrested, he took more than 6 daily medications, which included medications for high blood pressure and diabetes.

37. Plaintiff was then transported, late in the day of February 29, 2012, to CFCF.

38. When arriving at CFCF, Plaintiff was processed and asked about his medical conditions. He informed the prison personnel of his aforementioned disabilities and illnesses and of the fact that he took multiple daily medications, including medication for his diabetes.

39. Plaintiff again requested to make a phone call so that he could obtain his medications but his request was denied.

40. Prison personnel and/or employees of Defendant Corizon directed corrections officers to transport Plaintiff to the Detention Center and to place Plaintiff in a suicide cell.

41. Though Plaintiff suffers from mental illness, it was under control at the time of the incident.

42. Plaintiff informed the Defendants that he was never suicidal and was not contemplating suicide.

43. Despite the aforesaid facts, Plaintiff was ordered to remove all of his clothing and was placed in a suicide cell with nothing more than a blanket, which was humiliating and embarrassing.

44. Plaintiff repeatedly told prison personnel and medical personnel of his aforesaid

disabilities and of his need for his medication, however he was denied his medication.

45. On March 2, 2012, Plaintiff complained of chest pains and numbness in the left arm.

46. In treating his complaints, Plaintiff was provided with nitroglycerin by the prison nurse.  At the time, Plaintiff had never taken nitroglycerin and informed the nurse that this was not medication he had taken.

47. Plaintiff was ordered to take the nitroglycerin, which he did.

48. Plaintiff symptoms continued and eventually he became semi-unconscious and/or totally unconscious.

49. The next recollection of Plaintiff had was of being treated in Frankford Aria Hospital where he remained until March 8, 2012.

50. While at Frankford Aria Hospital, Plaintiff received multiple treatments and medications.

51. During his hospitalization, he was handcuffed to the bed.

52. After discharge, Plaintiff was taken back to the Detention Center Infirmary.

53. On March 9, 2012, Plaintiff was released from the Detention Center, still suffering from symptoms and requiring multiple prescriptions in addition to those he was already taking.

54. On March 12, 2012, Plaintiff still not feeling well, went to Nazareth Hospital where he was diagnosed as suffering from bacterial pneumonia.  Plaintiff was treated with medications and released.

55. At all times relevant, Defendants were callous and indifferent to Plaintiff's need for his medications, which included high blood pressure medication and diabetes medication.

56. Defendants, Hennesey, Burke and Scratchard, completed an Affidavit of Probable

Cause which they new was false and would be used by a prosecutor to bring criminal charges against Plaintiff.

57. On multiple occasions, Plaintiff had to appear at criminal hearings to address the false charges brought against him by defendants.

58. On or about April 17, 2013, a trial was held where Plaintiff was found not guilty of all offenses.

59. The failure of Defendants to provide Plaintiff with his medications caused him to become ill and need serious medical attention.

**COUNT I - CITY OF PHILADELPHIA & POLICE DEFENDANTS**

60. Plaintiff incorporates by reference paragraphs 1 - 59 of this Complaint as though same were fully set forth at length herein.

61. On or about February 29, 2012, Defendants, Hennesey, Burke and Scratchard, acting in concert and conspiracy, did knowingly, intentionally, negligently, maliciously and/or recklessly falsely arrest, imprison and prosecute Plaintiff, Antonio Marquez, in the absence of probable cause or other valid and reasonable lawful basis.

62. In the manner described herein, Defendants deprived Plaintiff of his rights to freedom from false arrest and imprisonment, freedom from malicious prosecution, freedom from abuse of process, freedom from cruel and unusual punishment, and due process of the law. All of these rights are secured to Plaintiff by provisions of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983 and 1988.

63. In the manner described herein, Defendants have violated Plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania to due process of the law; have

subjected Plaintiff to be malicious prosecution, false imprisonment, cruel and unusual punishment, abuse of process, invasion of privacy and casting in a false light.  Thereafter, the defendant officer made statements to the police, the district attorney and others in order to conceal his unlawful and unconstitutional conduct and in an attempt to deny Plaintiff access to the courts and to due process.  As a direct result of Defendants' actions, Plaintiff was denied rights under the laws and Constitution of the Commonwealth of Pennsylvania.  All of these rights are secured to Plaintiff under the laws of Pennsylvania which are invoked under the supplementary jurisdiction of this court.

64.  At all times relevant, Defendant, City Of Philadelphia, failed to train and/or discipline individual Defendants and otherwise acquiesced in the unconstitutional conduct of individual Defendants and, therefore, is subject to <u>Monell</u> liability for the injuries and damages sustained by Plaintiff.

65.  As a result of all Defendants' aforesaid conduct, Plaintiff suffered and continue to suffer physical injuries, pain and suffering, emotional distress, mental anguish, loss of reputation, and/or related business loses.

66.  The actions of all individual Defendants exceeded the normal standards of decent conduct and were wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

**COUNT II - PRISON DEFENDANTS AND CORIZON**

67.  Plaintiff incorporates by reference paragraphs 1 - 66 of this Complaint as though same were fully set forth at length herein.

68.  At all times relevant, Defendants were deliberately indifferent to Plaintiff's medical

needs.

69. In the manner described herein, Defendants deprived Plaintiff of his rights to freedom from cruel and unusual punishment, and due process of the law. All of these rights are secured to Plaintiff by provisions of the Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983 and 1988.

70. The failure of Defendants, Corizon, Herdman, John Does 2-7, to provide medical care to Plaintiff constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment's prohibition to cruel and unusual punishments.

## JURY DEMAND

Plaintiff demands trial by a jury of 12.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, jointly and severally, as follows:

    a. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

    b. Damages for pain and suffering;

    c. Punitive damages in an amount the Court shall consider to be just, reasonable and fair;

    d. Attorney fees and the costs of this action; and

    e. Such other relief as this Court shall consider to be fair and equitable.

Date:   August 15, 2014                              */s/ William J. Fox*
                                                                                                           WILLIAM J. FOX, ESQUIRE
                                                                                                           Attorney for Plaintiff
                                                                                                           1528 Walnut Street, Suite 515
                                                                                                           Philadelphia, PA 19102
                                                                                                           (215) 546-2477